IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA WALKER and | |
| JOSHUA WALKER, | PRISONER CIVIL RIGHTS |
|     Plaintiffs, | 42 U.S.C. § 1983 |
| | |
| v. | CIVIL ACTION NO. |
| | 1:09-CV-3606-TCB |
| ATLANTA PUBLIC SCHOOLS, | |
|     Defendant. | |

## ORDER AND OPINION

Pamela Walker brings this *pro se* civil rights complaint on behalf of her son, Joshua Walker. Ms. Walker alleges that her son has been subject to teasing, bullying, and, on at least one instance, having his personal property destroyed by another student. (Pl.'s Comp. [1], throughout.) Ms. Walker also claims that school officials have failed to take corrective action and have treated her son unfairly. (*Id.*)

While Fed. R. Civ. P. 17(c)(1)(A) permits a parent to file suit on behalf of his or her child, a non-lawyer parent is not permitted to serve as the child's legal counsel. *Devine v. Indian River County School Board*, 121 F.3d 576, 581 (11th Cir. 1997); *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (same) (unpublished opinion). Additionally, 28 U.S.C. § 1654 only authorizes

AO 72A
(Rev.8/82)

individuals to "plead and conduct their own cases personally." Section 1654 does not extend the right to file an action *pro se* to the representation of others. *Devine*, 121 F.3d at 581; *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities.") Accordingly, this Court is required to dismiss this action, pursuant to 28 U.S.C. § 1915(e)(2)(B).  In order to protect the rights of Ms. Walker's son, this action will be dismissed without prejudice.

**IT IS ORDERED** that this *pro se* civil rights complaint [1] is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 2d day of July, 2010.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

2

AO 72A
(Rev.8/82)